UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

DONNY MACIAS,
an individual,

       Plaintiff,

vs.

LQ MANAGEMENT, L.L.C., a
foreign limited liability company
d/b/a LA QUINTA INNS & SUITES
MIAMI LAKES,

       Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, DONNY MACIAS (hereinafter "Macias" or "Plaintiff"), by and through his undersigned counsel, hereby sues the Defendant, LQ MANAGEMENT, L.L.C., d/b/a LA QUINTA INNS & SUITES MIAMI LAKES (hereinafter "La Quinta" or "Defendant"), for its causes of action, and in support thereof states the following:

### JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1343 for the Plaintiff's claims arising under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 (hereinafter "ADA"). In this action Plaintiff seeks declaratory relief, injunctive relief, and damages for injuries suffered.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because (a) the Defendant is located and operated in this judicial district, and (b) a

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628 / Facsimile:  305-444-6627

substantial part of the events or omissions giving rise to Plaintiff's claims occurred and are occurring within this judicial district.

## PARTIES

3.      Macias is a 43-year-old resident of California, living in Los Angeles County, and otherwise *sui juris*. Macias was born with Spina Bifida and has been bound to ambulate in a wheelchair since he was a very young child, and therefore qualifies as an individual with disabilities as defined by the ADA.

4.      La Quinta owns and operates a hotel located at 7925 NW 154th Street, Miami, Florida 33016.  Therefore, La Quinta owns and operates a commercial establishment providing public accommodations as defined by the ADA, 42 U.S.C. § 12181(7), and the regulations implementing the ADA, 28 CFR 36.201(a) ad 36.104. As such, La Quinta is responsible for fully complying with ADA requirements.

## FACTS

5.      At all times material, Macias was, and will continue to be, a man requiring a wheelchair to ambulate due to his Spina Bifida. Therefore, he is a qualified individual with a disability under the ADA.

6.      Macias visited the La Quinta's property, which forms the basis of this lawsuit, from January 6, 2016 to January 8, 2016.  Furthermore, Macias plans to return to the property to avail himself of the goods and services offered to the public at the property for future vacations. Macias also plans to return to the La Quinta's property to determine whether the property has been made ADA complaint.

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628 / Facsimile:  305-444-6627

7.      On January 8, 2016, Macias was on La Quinta's property as a lawful invitee, when he fell in the shower due to the Defendant's lack of an ADA compliant handicap accessible bathroom and shower.

8.      Specifically, Macias was visiting the La Quinta's property for his annual vacation when he sustained serious injuries as a result of La Quinta's failure to maintain and operate within ADA compliance.

9.      While visiting the La Quinta's property, Macias encountered architectural barriers which discriminate against him on the basis of his disability, endanger his safety, and caused personal injury. These architectural barriers also prevent Macias from returning to the property to enjoy the goods and services available to the public.

10.     Macias has suffered and will continue to suffer direct and indirect injuries as a result of La Quinta's discrimination until La Quinta is compelled to comply with the requirements of the ADA. Macias is deterred from and denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities, and accommodations at La Quinta's property equal to those afforded to individuals without mobility disabilities.

11.     Macias has a realistic, credible, existing, and continuing threat of discrimination due to La Quinta's non-compliance with the ADA. Macias has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by La Quinta. Macias desires to visit La Quinta's property and have full and equal enjoyment of the property without fear of discrimination.

12.     La Quinta has discriminated against Macias by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, and/or accommodations of the property, as prohibited by 42 U.S.C. § 12182.

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628 / Facsimile:  305-444-6627

13.     La Quinta has discriminated, and is continuing to discriminate, against Macias in violation of the ADA by failing to have accessible facilities by January 26, 1992. A preliminary inspection of La Quinta's property has shown that violations exist. These violations include, but are not limited to:

**Parking Lot and Property Exterior**

1) There is not an ADA compliant route from the disabled parking spaces to the main lobby entrance on the south side of the hotel. The alternative accessibility route forces a wheelchair user to travel behind other disabled parking spaces. This constitutes a violation of Sections 402 and 502 of the 2010 ADAAG whose resolution is readily available.

2) The disabled parking signs are too low; thus, they can be obstructed by parked vehicles. This is in violation of Section 502 of the 2010 ADAAG.

3) The accessible route that connects the main lobby entrance with the public sidewalk on the east side of the hotel is not compliant due to width, slope, cross-slope, and un-level change in violation of Sections 302, 303, 402, and 403 of the 2010 ADAAG.

4) The pull force on the main lobby door exceeds the max pull force allowance constituting a violation of Section 404 of the 2010 ADAAG.

5) The property lacks compliant directional signage to inform persons with disabilities as to the dedicated accessible route to the main accessible lobby entrance from the public sidewalk connection and disabled parking spaces. This constitutes a violation of Section 703 of the 2010 ADAAG.

**Pool Area**

6) The accessible route from the hotel (including lobby, common areas, and accessible guest bedrooms) to the pool on the west side of the hotel is not complaint. These Section 302, 303, 402, 403, and 404 violations of the 2010 ADAAG include:

   a. Non-compliant door threshold height at the west exterior door.
   b. Non-compliant maneuvering space and side approach on the pull side of the west hallway door and west exterior door.
   c. Non-compliant accessible routes at path of travel to pool gate due to slope, cross-slope, and un-level changes violations.

7) The pool shower is not accessible as there is no lowered showerhead or accessible shower controls in violation of 608 of the 2010 ADAAG.

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone: 305-444-6628 / Facsimile: 305-444-6627

**Common Areas**

8) The round door hardware on the breakfast room door requires tight pinching or grasping which constitutes a violation of Section 404 of the 2010 ADAAG.

9) The lobby unisex bathroom has the following violations of Sections 308, 603, 604, and 606 of the 2010 ADAAG:

    a. The sink is non-complaint due to clear floor space and lack of pipe insulation.
    b. The toilet paper dispenser height and location are non-compliant.

**Accessible Guest Rooms**

10) The accessible guest rooms inspected has the following violations of Section 404, 608, and 806 of the 2010 ADAAG:

    a. Lack of compliant 18 inches of side approach on the pull latch side of main door to the room.
    b. Threshold height violation at entrance to roll-in-shower.

14.    The discriminatory violations described in paragraph 10 are not an exclusive list of the La Quinta's ADA violations. Macias may require further inspection of the Defendant's property in order to photograph and measure all of the discriminatory acts violating the ADA and all other barriers to access.

## <u>COUNT I – VIOLATION OF TITLE III OF THE ADA</u>

15.    Plaintiff re-alleges and incorporates by reference the allegations of facts in paragraphs one (1) through fourteen (14); and further alleges:

16.    Plaintiff has been confined to a wheelchair since he was a young child which limits his major life activities and inhibits his ability to walk. Therefore, Plaintiff is an individual with a disability under Title III of the ADA. Plaintiff meets the essential eligibility requirements for Defendant's services at all times material hereto.

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone: 305-444-6628 / Facsimile: 305-444-6627

17.     Defendant violated Title III of the ADA in numerous ways, including discriminatory actions which occurred when it:

    a.  Failed to maintain policies and procedures to ensure compliance with Title III of the ADA, specifically policies that provide equal access to individuals with disabilities;

    b.  Failed to ensure that the property was accessible to individuals with mobility disabilities;

    c.  Failed to remove architectural barriers.

18.     Defendant knew, or should have known, its obligation under the ADA and was deliberately indifferent to the rights Plaintiff and other individuals with disabilities who are similarly situated.

19.     Defendant knew, or should have known that Plaintiff would be harmed by its failure to provide adequate accessibility in its guest rooms, parking lot, pool area, and common areas for Plaintiff and other individuals with disabilities similarly situated.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief against the Defendant:

    a.  This Court issue a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's practices, policies, and procedures have subjected the Plaintiff and others similarly situated in violation of Title III of the Americans with Disabilities Act.

    b.  This Court order a permanent injunction enjoining the Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from, Defendant's services and facilities; and ordering Defendant to make

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone: 305-444-6628 / Facsimile: 305-444-6627

its property readily accessible to and usable by individuals with disabilities to the full extent required by the ADA. Including the removal of architectural barriers and any reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford all offered services, facilities, privileges, advantages, or accommodation to individuals with disabilities.

c.    An award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

d.    Such other relief as this Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II – NEGLIGENCE AGAINST LA QUINTA

20.    Plaintiff re-alleges and incorporates by reference the allegations of facts in paragraphs one (1) through fourteen (14); and further alleges:

21.    Defendant knew or should have known its property was not ADA compliant, and carelessly and negligently permitted unsafe conditions to exist for a long period of time beyond the time required for its discovery and removal; actively disregarding the safety of Plaintiff and others similarly situated.

22.    Due to the Defendant's failure to be ADA compliant, the shower and bathroom where Plaintiff sustained his fall was dangerous and unsafe for use by Plaintiff and others similarly situated.

23.    Defendant failed to maintain its property with due care, thereby causing the dangerous and unsafe condition to be present and directly causing Plaintiff's injuries.

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628 / Facsimile:  305-444-6627

24.     Defendant failed to inform and warn Plaintiff of the dangerous and unsafe condition of the property despite Plaintiff's specific request and purchase of an ADA compliant and accessible guest room.

25.     Defendant knew, or could by the exercise of ordinary and reasonable care have known, of the dangerous and unsafe condition existing in the accessible guest room occupied by Plaintiff.

26.     As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff, while utilizing Defendant's non-ADA compliant facilities, fell and suffered permanent and painful injuries.

27.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered and will continue to suffer in the future:

   a.     bodily injury;
   b.     pain and suffering;
   c.     disability;
   d.     disfigurement;
   e.     mental anguish;
   f.     loss of capacity for the enjoyment of life;
   g.     lost past wages;
   h.     loss of future earnings capacity;
   i.     expense of hospitalization, medical and nursing care and treatment; and/or
   j.     aggravation of a preexisting condition.

28.     That Plaintiff's losses are either permanent or continuing in nature.

WHEREFORE, Plaintiff demands judgment against Defendant for damages together with interest, costs, and other such relief as this Court may deem just and proper.

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone: 305-444-6628 / Facsimile: 305-444-6627

## DEMAND FOR JURY TRIAL

Plaintiff further demands a trial by jury of all triable issues as of right by jury.

Respectfully submitted,

HUDSON & CALLEJA, LLC
*Counsel for Plaintiff*
355 Alhambra Circle
Suite 801
Coral Gables, FL  33134
Telephone: (305) 444-6628
Facsimile:  (305) 444-6627
Email: rhudson@hudsoncalleja.com

By: /s/ Robert W. Hudson
    **ROBERT W. HUDSON**
    Florida Bar No.:  993875

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone:  305-444-6628 / Facsimile:  305-444-6627